IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAVIER ENRIQUE ORDUNEZ,
FL DOC #M69728,

    Plaintiff,

v.                                                                   CASE NO. 1:19-cv-158-AW-GRJ

T. LEE, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at the Florida Department of Corrections ("DOC") Central Florida Reception Center, initiated this case by filing a pleading construed as a civil rights complaint. ECF No. 1. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.

The Complaint suffers from numerous defects. Plaintiff failed to use this Court's form for prisoner civil rights complaints. Pursuant to Northern District of Florida Local Rule 5.7(A), "the Court need not – and ordinarily will not – consider a petition, motion, or complaint that is not filed on the proper form." In addition to failing to use the Court's form, Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Pursuant to Local Rule 5.1(H), "[a] civil action shall not be filed by

the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

In light of these procedural defects, on August 15, 2019, the Court ordered Plaintiff to file an amended complaint and either pay the filing fee or file a motion to proceed as a pauper by September 16, 2019.  ECF No. 8.  When Plaintiff failed to comply with the Court's initial order, the Court ordered Plaintiff to show cause on or before October 24, 2019, as to why this case should not be dismissed for failure to prosecute.  ECF No. 9.  As of this date, Plaintiff has failed to respond.

Plaintiff's Complaint is due to be dismissed for two reasons.  First, Plaintiff has failed to comply with two of this Court's orders and, thus, appears to have abandoned the prosecution of this case.  *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (holding a district court may *sua sponte* dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) when the plaintiff fails to prosecute or comply with a court order).

Second, the claims raised in Plaintiff's Complaint are moot.  Plaintiff complains of the conditions of confinement at Mayo C.I. and only requests

as relief a "standing order" (*i.e.*, an injunction) against Mayo C.I. and the Florida DOC.  ECF No. 1 at 2–3.  However, according to the DOC website, Plaintiff is now incarcerated at the Central Florida Reception Center in Orlando, Fla.  This transfer moots Plaintiff's need for injunctive relief as a matter of law.  *See Davila v. Marshall*, 649 F. App'x 977, 980 (11th Cir. 2016) ("[A] prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988))); *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 476 (11th Cir. 2015) ("Prisoners' claims for injunctive or declaratory relief regarding prison conditions generally become moot when the prisoner transfers to another prison.").

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED** for failure to prosecute, for failure to comply with a court order, and as moot.

Further, the **CLERK** is directed to serve a copy of this Report and Recommendation on Plaintiff at the DOC Central Florida Reception Center, in accordance with the address for Plaintiff provided on the DOC website.

**IN CHAMBERS** this 30th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.